**Claudia COBB, Plaintiff–Appellant,**

v.

**JONES APPAREL GROUP, INC., Defendant–Appellee**

No. 01–5180.

United States Court of Appeals, Sixth Circuit.

Nov. 30, 2001.

Before JONES, NELSON, and DAUGHTREY, Circuit Judges.

*ORDER*

Claudia Cobb appeals a district court grant of summary judgment for defendant in this civil action filed under the Americans With Disabilities Act—42 U.S.C. § 12101, et seq. The parties have expressly waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Cobb filed her complaint in the district court alleging that the defendant employer refused to accommodate her disability after she underwent surgery to correct a ganglion cyst and tendinitis in her left hand and wrist. Plaintiff sought declaratory and injunctive relief and compensatory and punitive damages. Defendant moved for summary judgment, and plain-

tiff responded in opposition The magistrate judge recommended that defendant's motion for summary judgment be granted, and plaintiff filed objections. The district court adopted the magistrate judge's recommendation and granted judgment for defendant. Plaintiff filed a notice of appeal.

On appeal, plaintiff contends that the defendant refused to accommodate her disability in violation of the ADA. Defendant essentially responds that plaintiff did not establish a prima facie case of discrimination under the ADA. Upon de novo review, see *Brooks v. American Broadcasting Cos., Inc.*, 932 F.2d 495, 500 (6th Cir.1991), we affirm the judgment for the reasons stated in the magistrate judge's report and recommendation entered December 6, 2000, and adopted by the district court in its order entered January 18, 2001.

■ The ADA prohibits employers from discriminating "against a qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12112(a). To establish a claim under the ADA, plaintiff must establish that (1) she is a disabled person within the meaning of the Act, (2) she is qualified to perform the essential functions of her job with or without reasonable accommodation, and (3) she suffered an adverse employment decision because of her disability. See *Gilday v. Mecosta County*, 124 F.3d 760, 762 (6th Cir.1997); *McKay v. Toyota Motor Mfg., U.S.A.*, 110 F.3d 369, 371 (6th Cir.1997).

■ Defendant asserted in the district court that plaintiff did not establish a prima facie case of discrimination because she could no longer do her job following her surgery. Plaintiff did not deny that she could no longer do her job, but contended that defendant should have accommodated her by permanently assigning her to the position of "error corrector." However, the district court correctly concluded that plaintiff's contention is foreclosed under

this court's reasoning in *Hoskins v. Oakland County Sheriff's Dep't*, 227 F.3d 719 (6th Cir.2000).

In *Hoskins*, this court held that the ADA does not require an employer to convert a light-duty position in a prison control booth, which had been assigned on a temporary rotating basis as break for prison guards, into a position assigned full time to only one guard to accommodate a disabling condition that rendered plaintiff unable to perform normal prison guard duties. *Id.* at 729–30. This court cited with approval cases from the Seventh Circuit in which that court held that the ADA does not require an employer to convert a temporary light-duty position used for recovering employees into a full-time position to accommodate a permanently disabled employee. *Id.* at 730–31 (citing *Hendricks–Robinson v. Excel Corp.*, 154 F.3d 685, 697 (7th Cir.1998) and *Dalton v. Subaru–Isuzu Auto., Inc.*, 141 F.3d 667, 680 (7th Cir.1998)).

Similarly, plaintiff contends herein that she should be accommodated by being assigned permanently to a position that defendant uses to temporarily accommodate employees recovering from medical conditions that preclude regular more demanding work. The district court correctly concluded that the ADA simply does not require defendant to so accommodate plaintiff. Under these circumstances, no genuine issue of material fact remains for trial in this case, and the district court properly granted summary judgment for defendant.

Accordingly, the district court's judgment is affirmed. See Rule 34(j)(2)(C), Rules of the Sixth Circuit.